The Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STATE OF WASHINGTON, DEPARTMENT OF HEALTH,

Plaintiff,

v.

THE GEO GROUP, INC.,

Defendant.

No. 3:24-cv-05029-BHS

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES

Defendant, The GEO Group, Inc. ("GEO"), by and through its undersigned attorneys and in accordance with FRCP 81(c)(2), hereby submits this Answer, Assertion of Immunity From Suit, and Defenses to the Complaint of Plaintiff, State of Washington Department of Health ("Plaintiff" or "DOH"), dated December 18, 2023 (the "Complaint"), and responds to the numbered paragraphs in the Complaint, alleges, and avers, as follows on knowledge as to its own acts and otherwise on information and belief.  Any allegation not specifically admitted below is denied.

## ANSWER

### I.    DESCRIPTION OF ACTION

1.1    The Complaint speaks for itself and is the best evidence of its content.  Defendant denies that it has twice refused Plaintiff entry to the federal Northwest U.S. Immigration and Customs Enforcement ("ICE") Processing Center in Tacoma, Washington ("NWIPC"), but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.  In July 2023

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY
FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 1

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

Defendant filed a Complaint and Motion for Preliminary Injunction with this Court challenging the constitutionality of RCW 70.395 (HB 1470). (See No. 3:23-cv-05626-BHS).

## II.   JURISDICTION AND VENUE

2.1   Denied.  As detailed in GEO's Notice of Removal, this court has Jurisdiction and Venue over the subject matter in this action based on 28 U.S.C. § 1331,  28 U.S.C. § 1442(a)(1), and LCR 3(e)(1).

2.2   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

## III.   PARTIES

3.1   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

3.2   Defendant denies the allegations in Paragraph 3.2, but admits that the NWIPC is a secure federal immigration detention facility and that GEO provides secure residential care support at the federal NWIPC pursuant to a federal contract with ICE.

## IV.   FACTUAL ALLEGATIONS

4.1   Defendant denies the allegation in Paragraph 4.1 that it has twice refused Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this Paragraph and therefore denies the same.

4.2   Defendant denies the allegation in Paragraph 4.2 that it has twice refused Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.2 and therefore denies the same.

4.3   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 2

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

4.4   Defendant denies the allegation in Paragraph 4.4 that it refused Plaintiff entry to the NWIPC on November 14, 2023, but admits that on November 14, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.

4.5   Defendant denies the allegation in Paragraph 4.5 that it refused Plaintiff entry to the NWIPC on November 27, 2023, but admits that on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.

4.6   Defendant denies that allegation in Paragraph 4.6 that NWIPC Facility Administrator Mr. Bruce Scott denied Plaintiffs entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.

4.7   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

4.8   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

4.9   Paragraph 4.9 asserts legal conclusions to which no response is required.

4.10   Defendant is without knowledge or information sufficient to form a belief as to the truth of these allegations and therefore denies the same.

4.11   Defendant denies the allegation in Paragraph 4.11 that it is refusing Plaintiff entry to the NWIPC, but admits that on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4.11 and therefore denies the same.

## V.   CAUSES OF ACTION

5.1   Paragraph 5.1 asserts legal conclusions to which no response is required.

5.2   Paragraph 5.2 asserts legal conclusions to which no response is required.  To the extent Paragraph 5.2 alleges DOH possesses the right to unimpeded access to immigration facilities controlled by the federal government that assertion is denied.

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY
FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 3

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

5.3     Defendant denies the allegation in Paragraph 5.3 that it has twice refused Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Paragraph 5.3 asserts legal conclusions to which no response is required, but to the extent Paragraph 5.3 alleges DOH possesses the right to unimpeded access to immigration facilities controlled by the federal government, that assertion is denied.

5.4     Defendant denies the allegation in Paragraph 5.4 that it has twice refused Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5.4 and therefore denies the same.

5.5     Defendant denies the allegation in Paragraph 5.5 that GEO is refusing Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Paragraph 5.5 asserts legal conclusions to which no response is required, but to the extent Paragraph 5.5 alleges DOH possesses the right to unimpeded access to immigration facilities controlled by the federal government, that assertion is denied.

5.6     Defendant denies the allegation in Paragraph 5.6 that GEO is refusing Plaintiff entry to the NWIPC, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions. Paragraph 5.6 asserts legal conclusions to which no response is required, but to the extent Paragraph 5.6 alleges DOH possesses the right to unimpeded access to immigration facilities controlled by the federal government, that assertion is denied.

5.7     Defendant denies the allegation in Paragraph 5.7 that Plaintiff is unable to carry out statutory obligations because of GEO's actions, but admits that on November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY
FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 4

## VI.     PRAYER FOR RELIEF

6.1     Defendant denies that Plaintiff is entitled to relief requested in the Prayer for Relief or any relief whatsoever.

## <u>GEO'S ASSERTION OF IMMUNITY FROM SUIT AND DEFENSES</u>

## <u>DERRIVATIVE SOVEREIGN "YEARSLEY" IMMUNITY</u>

1.     Plaintiff's complaint alleges at Paragraphs 5.3, 5.4, 5.5 and 5.6 that GEO violated RCW 70.395 (HB 1470) because GEO "refused" Plaintiff entry to the NWIPC.

2.     Plaintiff also seeks an injunction compelling GEO to allow Plaintiff access to the NWIPC under the authority of RCW 70.395 (HB 1470) and RCW 43.70.170.

3.     The federal NWIPC is a secure federal immigration detention facility. GEO provides secure residential care support at the federal NWIPC pursuant to a federal contract with ICE.

4.     Consistent with the requirements of GEO's contract for secure residential services at the federal NWIPC, ICE exercises exclusive control over all access to secure portions of the NWIPC. No one is allowed to enter the secure portions of the federal NWIPC without the express authorization of ICE.

5.     All requests for access to secure portions of the federal NWIPC must obtain pre-clearance approvals by ICE, including all requests for access by federal and state employees, as well as GEO employees. GEO is without authority to provide access to the secure portions of the federal NWIPC absent ICE clearance and approval.

6.     On November 14, 2023 and on November 27, 2023 ICE representatives explicitly directed GEO to deny DOH access to the NWIPC and GEO followed those directions.

7.     A government contractor is not subject to suit if (1) the government authorized the contractor's actions and (2) the government validly conferred that authorization. *Yearsley v. W. A. Ross Constr. Co.*, 309 U.S. 18 (1940); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 187 (2016).

8.     GEO is immune from any suit for carrying out the sovereign's will and denying Plaintiff access to the federal NWIPC at the explicit direction of ICE. *Yearsley v. W. A. Ross Constr.*

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 5

*Co.*, 309 U.S. 18 (1940); *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 187 (2016).

### INTERGOVERNMENTAL IMMUNITY-DIRECT REGULATION

9. Intergovernmental immunity forbids a state from substantially interfering with federal activity carried out by a private contractor, even where the activity occurs on private land.

10. Plaintiff's attempt to enter the federal NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC are unconstitutional because such efforts attempt to directly regulate, control and interfere with federal activities in violation of the Intergovernmental Immunity Doctrine.

### INTERGOVENRMENTAL IMMUNITY—IMPERMISSIBLE DISCRIMINATION

11. A state law impermissibly discriminates against the federal government or its contractors if it singles them out for less favorable treatment, or if it regulates them unfavorably on some basis related to their governmental status. Preventing discrimination against the federal government or those with whom it deals lies at the heart of the Constitution's intergovernmental immunity doctrine.

12. The legislative history of RCW 70.395 (HB 1470) unmistakably demonstrates that it was conceived, crafted, and amended specifically to target and impose unique burdens on a single facility—the federal NWIPC—while specifically exempting any similarly-situated Washington State facilities.

13. Plaintiff's attempt to enter the NWIPC to investigate claims and enforce RCW 70.395 (HB 1470) imposes upon the federal government and those with whom it deals costs that state or private entities do not bear. As a result, Plaintiff's attempt to enter the NWIPC to investigate claims and enforce RCW 70.395 (HB 1470) is unconstitutional and invalid because it impermissibly discriminates against the federal government and its contractors.

### FEDERAL PREEMPTION-FIELD

14. Federal immigration law provides that the Secretary of Homeland Security "shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal," and "[w]hen United States Government facilities are unavailable or facilities adapted or

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 6

Davis Wright Tremaine LLP
LAW OFFICES
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
206.622.3150 main · 206.757.7700 fax

suitably located for detention are unavailable for rental, the [Secretary] may expend . . . amounts necessary to acquire land and to acquire, build, remodel, repair, and operate facilities . . . necessary for detention." 8 U.S.C. § 1231(g)(1). To effectively arrange for appropriate places of detention for removal aliens, Congress further granted the Secretary authority "to make contracts . . . as may be necessary and proper to carry out [his] responsibilities," 6 U.S.C. § 112(b)(2), including contracts with private parties. Congress further authorized the Secretary, in his "reasonable discretion," to carry out the immigration enforcement activities of the Department of Homeland Security "through any means," including "through contracts, grants, or cooperative agreements with non-Federal parties." 28 U.S.C. § 530C(a)(4). Similarly, Congress has also authorized the Secretary to "enter into contracts and other agreements, of any reasonable duration, for detention or incarceration space or facilities, including related services, on any reasonable basis." 18 U.S.C. § 4013 note "Contracts for Space or Facilities" (emphasis added).

15. Federal statutory directives and a comprehensive set of federal detention standards known as the Performance Based National Detention Standards ("PBNDS") govern the operation of private detention facilities. The current PBNDS were implemented and incorporated into ICE contracts at the direction of Congress.

16. The comprehensive framework enacted by Congress regarding the detention of aliens for removal indicates the federal government has occupied the field. Where Congress occupies an entire field, as it has in the field of alien detention pending removal, even complementary state regulation is impermissible.

17. Plaintiff's attempts to enter the NWIPC to inspect, investigate and enforce state requirements regarding conditions at the federal NWIPC are unconstitutional and invalid because they are preempted by Congress' occupation of the entire field of alien detention pending removal.

## FEDERAL PREEMPTION-OBSTACLE

18. Under the doctrine of conflict preemption, state laws are preempted when they conflict with federal law. This includes cases where compliance with both federal and state regulations is a physical impossibility, and those instances where the challenged state law stands

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 7

as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.

19.     Plaintiff's assertion of authority under RCW 43.70.170 (HB 1470) to unannounced and unlimited access to the federal NWIPC presents a direct conflict with the objectives of Congress. Similarly, the Plaintiff's attempt to assess and enforce compliance with state-mandated standards or requirements creates an obstacle to the Congressional objective of implementing a uniform set of federal requirements tailored to the unique purposes of federal alien detention.

20.     Defendant has yet to avail itself of the right to discovery, and does not fully know the circumstances alleged in Plaintiff's Complaint. Therefore, Defendant hereby reserves the right to assert additional defenses as the course of discovery and investigation progresses.

### PRAYER FOR RELIEF

WHEREFORE, The GEO Group, Inc. respectfully requests that this Court dismiss Plaintiff's claims and award fees and costs as allowed by applicable law.

DATED this 18th day of January, 2024.

Davis Wright Tremaine LLP
Attorneys for Defendant

By */s/ Harry Korrell*
Harry J. F. Korrell, WSBA #23173
John G. Hodges-Howell, WSBA #42151
920 Fifth Avenue, Suite 3300
Seattle, WA  98104-1610
Telephone: 206.622.3150
E-mail: harrykorrell@dwt.com
E-mail: jhodgehowell@dwt.com

By */s/ Scott Schipma*
Scott Allyn Schipma,* D.C. Bar No. 450425

By */s/ Joseph Negron*
Joseph Negron, Jr.,* FL Bar No. 613398
4955 Technology Way
Boca Raton, FL 99431
Phone:  561.999.7615
Email:  scott.schipma@geogroup.com
Email:  jnegron@geogroup.com

* *Pro Hac Vice* Applications Forthcoming

THE GEO GROUP, INC.'S ANSWER, ASSERTION OF IMMUNITY
FROM SUIT, AND DEFENSES (3:24-cv-05029-BHS) - 8